John CARMAN, Plaintiff—Appellee,

v.

Alicia FUENTES, Defendant,

and

Todd Burgess; et al., Defendants— Appellants.

No. 03–55070.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided June 15, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Joel Chalfen Golden, Esq., San Diego, CA, for Plaintiff–Appellee.

U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Defendant.

Deborah K. Garvin, McCormick & Mitchell, San Diego, CA, for Defendants–Appellants.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

La Mesa Police Officers Todd Burgess and Brian Stoney ("the Officers") appeal the district court's denial of summary judgment for qualified immunity in a civil action under 42 U.S.C. § 1983. We may exercise jurisdiction over a denial of summary judgment on qualified immunity grounds "taking all facts and inferences [ ] in favor of the plaintiff...." *Jeffers v. Gomez,* 267 F.3d 895, 905–06 (9th Cir. 2001). We review the district court's decision denying summary judgment *de novo, Bingham v. City of Manhattan Beach,* 341 F.3d 939, 945 (9th Cir.2003), and we reverse. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

As concluded by the district court, and conceded for purposes of summary judgment here, material questions of fact exist as to whether Carman committed a traffic violation since he claims to have engaged his left turn signal. Thus, the constitutionality of the stop turns on whether the Officers had reasonable suspicion Carman was carrying fraudulent credentials and a concealed weapon based on information provided by the United States Customs Department. Although Carman claims the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Officers could not have believed the stop was justified on this basis, the inquiry is objective and subjective beliefs are irrelevant. *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Thus, it is irrelevant whether the Officers may have believed that reasonable suspicion was not present.

At the time of the stop, the Officers had received information from a law enforcement agency that it believed Carman was carrying false credentials and a concealed weapon in violation of law. That information was based, not on an anonymous informant, but from a Customs officer who had received the information directly from Carman. Before stopping Carman, the Officers requested information about his license plate indicating that it was a "confidential cover." Officer Burgess knew from his experience that "confidential cover" was used by current law enforcement officers to protect their personal information. This indicated to the Officers that Carman was continuing to represent himself as a law enforcement officer. These specific, articulable facts created reasonable suspicion that Carman was engaging in criminal conduct independent of any perceived traffic violations. Therefore, the vehicular investigatory stop was constitutionally justified. *United States v. Lopez–Soto,* 205 F.3d 1101, 1104–05 (9th Cir. 2000).

"If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Thus, we must reverse the judgment of the district court denying the Officers qualified immunity.

REVERSED.